UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLIFF CROWLEY ET AL., | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:09-CV-1991 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ANGELO COSTA ET AL., | : | APRIL 26, 2012 |
| Defendants. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR EXONERATION OR LIMITATION OF LIABILITY (Doc. No. 73)**

**I.   INTRODUCTION**

Plaintiffs Cliff Crowley, as the owner of the yacht "Moondance," and the New Hampshire Insurance Company ("Crowley") bring this admiralty and maritime action against defendants Angelo Costa and Charles J. Costa, trustee of the Angelo P. Costa Revocable Trust ("Costa"). Crowley seeks declaratory judgment on four counts regarding his liability for damage to Costa's pier caused by the Moondance when it broke from its mooring during a storm. Costa counter-claims for damages to his pier.

Costa now moves to dismiss the Complaint as time-barred. For the following reasons, Costa's Motion to Dismiss is granted.

**II.   STANDARD**

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the plaintiffs. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in the plaintiffs' favor. See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

III.   **BACKGROUND**[1]

On December 7, 2009, Crowley initiated this case by filing a Complaint for Declaratory Relief pursuant to this court's admiralty jurisdiction.  See Compl. (Doc. No. 1).  The Complaint is in four counts: first, that Crowley should be exonerated from all liability arising out of the allision because he took all necessary precautions in mooring the Moondance; second, that Costa's pier had no economic value because it exceeded its permitted length, and therefore Costa did not suffer any damages as a result of the allision; third, that Costa's pier was 90% depreciated at the time of the allision, and that Crowley's liability should therefore be limited to 10% of the cost of repair; and fourth, that Crowley's liability should be limited to the post-allision, pre-repair value of the Moondance.  See Am. Compl. (Doc. No. 10) at 4-6.

Costa counter-claimed that the damage to his pier was caused by Crowley's "acts, omissions, strict liability, fault, negligence, and breach of federal safety and operating regulations."  Defs.' Answer to Verified Compl. and Counterclaims (Doc. No. 18) ("Defs.' Answer") at 5-6.  Costa also asserted four affirmative defenses: that Crowley's Petition for Limitation and/or Exoneration was not timely; that Crowley had "privity and knowledge" of the conditions that resulted in the Moondance breaking free; that Crowley knew of conditions rendering the Moondance unseaworthy; and that Crowley's claim that Costa's pier was "illegal" is barred by laches. Defs.' Answer at 4.

In response to Costa's counter-claim, Crowley asserted four affirmative defenses: failure to state a cause of action; that the damage was caused by an Act of

---

[1] The court assumes familiarity with the facts underlying the case and reviews only the background relevant to the instant Motion.  See Ruling Re: Defendants' Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment (Doc. No. 54).

God or peril of the sea; that Crowley was not responsible for the loss; and that Crowley's liability was limited to the value of the Moondance. Plaintiffs/Counterclaim Defendants' Answer to Defendants' Counterclaim (Doc. No. 31) at 2.

Both parties moved for summary judgment. Costa moved for summary judgment on the issues of Crowley's liability in negligence and Crowley's privity or knowledge of the events which led to the loss. See Defs.' Mot. for Summ. J. (Doc. No. 36). Crowley moved for summary judgment on his claim that because Costa's pier exceeded its permitted length, Costa was barred from recovery. See Plaintiff's Cross-Mot. for Summ. J. (Doc. No. 43). After oral argument on the Motions, the court denied both Motions for Summary Judgment. See Ruling Re: Defendants' Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment (Doc. No. 54).

## IV.   DISCUSSION

Costa argues that Crowley's claims are barred by the six-month limitations period governing maritime actions for exoneration and limitation of liability. See 46 U.S.C § 30511(a). Actions for limitation of liability must be brought within six months after a claimant gives an owner written notice of a claim. Id.

The Complaint does not allege any specific date of written notice of a claim. See generally Compl. (Doc. No. 1). The Complaint does, however, allege that a crane removed the Moondance from Costa's property on or about November 8, 2008, and that "[t]he Defendants allege that the Plaintiffs are liable to repair the dock and replace it with a new dock." Compl. ¶¶ 12, 15. Costa's Motion alleges that Crowley received notice

"on or before November 4, 2008." See Defs.' Mem. of Law in Support of Mot. to Dismiss (Doc. No. 73) at 1. Crowley filed suit on December 7, 2009.[2]

In his Response, Crowley does not challenge, or even address, the date on which he received notice of Costa's claim. See generally Pls.' Response to Defs.' Mot. to Dismiss (Doc. No. 82) ("Pls.' Response"). Instead, Crowley concedes to the dismissal of Counts One and Four, for exoneration and limitation of liability, respectively, as he did at oral argument on the Motions for Summary Judgment. See Pls. Response at 2; Tr. Of Oral Argument (Doc. No. 72) at 23-24. Therefore, Counts One and Four of the Complaint are **DISMISSED**.

Costa moves this court to dismiss the Complaint in its entirety, but does not discuss Count Two or Count Three, which are for declaratory judgment as to the value of Costa's pier and the amount of damages Costa suffered. See Defs.' Mem. of Law in Support of Mot. to Dismiss. Because Crowley does not address Counts Two and Three in his Response, these claims are **DISMISSED**.

## VI.   CONCLUSION

For the reasons discussed above, Costa's Motion to Dismiss (Doc. No. 73) is **GRANTED**.[3]

---

[2] Costa's Motion uses the date of the Amended Complaint, which is January 26, 2010. See Defs.' Mot. to Dismiss at 1. Because the difference does not affect the analysis, the court does not address it.

[3] Costa's Motion does not address Crowley's affirmative defense of limitation of liability, see Pls.'/Counterclaim Defs.' Answer to Defs.' Counterclaim ¶ 45, and therefore this Ruling does not address it.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut, this 26th day of April, 2012.


                                                        <u>/s/ Janet C. Hall</u>
                                                  Janet C. Hall
                                                  United States District Judge